UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROILIAND GOTIANGCO,
    *Petitioner*,

v.      No. 3:22-cv-479 (JAM)

WARDEN DANBURY,
    *Respondent*.

**ORDER GRANTING UNOPPOSED MOTION TO DISMISS
PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Gotiangco has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking the award of credits pursuant to the First Step Act and to be placed on home confinement under the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, 134 Stat. 281 (2020).[1] The respondent warden of the Federal Correctional Institution at Danbury has filed a motion to dismiss, contending in part that Gotiangco has failed to exhaust his administrative remedies.[2] Gotiangco has not filed any objection or other response to the motion to dismiss.

A federal court has jurisdiction over habeas corpus actions filed by federal prisoners who are "in custody under or by color of the authority of the United States" or who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1), (c)(3). Section 2241 applies to "challenges to the execution of a federal sentence, including such matters as the administration of parole, ... prison disciplinary actions, prison transfers, type of detention and prison conditions." *Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008) (internal quotations omitted).

---

[1] Doc. #1 (Petition).
[2] Doc. #6 at 3–6.

The Prison Litigation Reform Act (PLRA) states that "[n]o action shall be brought with respect to prison conditions ... by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement is mandatory. *See Ross v. Blake*, 578 U.S. 632, 638–39 (2016); *see also Jones v. Smith*, 720 F.3d 142, 145 n.3 (2d Cir. 2013) (recognizing application of PLRA to § 2241 petition challenging conditions of confinement). In addition, federal courts independently require that prisoners exhaust administrative remedies before seeking judicial relief pursuant to 28 U.S.C. § 2241. *See Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001) (prisoner must exhaust administrative remedies before challenging loss of good time credits).

Federal prisoners in the custody of the Federal Bureau of Prisons (BOP) must exhaust their administrative remedies by completing a four-step process involving (1) an attempt at informal resolution; (2) a written remedy request to the warden; (3) an appeal to the regional director; and (4) an appeal to the BOP general counsel's office. *See* 28 C.F.R. Part 542, Subpart B (Administrative Remedy Program); *South v. Licon-Vitale*, 2020 WL 3064320, at *1 (D. Conn. 2020).

The warden contends and has submitted evidence from BOP records that Gotiangco has not exhausted the required procedures.[3] Indeed, Gotiangco's own petition does not assert that he exhausted his administrative remedies.[4] Accordingly, there appears to be no dispute that Gotiangco has failed to exhaust his administrative remedies as required under the PLRA and that therefore the unopposed motion to dismiss should be granted.

---

[3] Docs. #6 at 4–5, #6-1.
[4] Doc. #1 at 2 (furnishing no answer to the question on form: "Did you appeal the decision, file a grievance, or seek an administrative remedy?").

The Court GRANTS the motion to dismiss (Doc. #6).

The Clerk of Court shall close this case.

It is so ordered.

Dated at New Haven this 16th day of September 2022.

                                                /s/ *Jeffrey Alker Meyer*
                                                Jeffrey Alker Meyer
                                                United States District Judge